Edwin J. Shoemaker, Esq. Town Attorney Town of Lockport 929 Lincoln Avenue Lockport, N Y 14094
Dear Mr. Shoemaker:
You have requested an opinion regarding whether Vehicle and Traffic Law § 1660-a is applicable to approved mobile home parks within the Town of Lockport. You have informed us that the Leisure Acres Neighborhood Association is seeking to have the Town of Lockport erect stop signs within the Leisure Acres Mobile Home Park. You also informed us that Vehicle and Traffic Law § 1660, which governs town regulation of traffic on public highways, is not applicable because all highways within Leisure Acres are private.[1]
The regulation and use of public highways by motor vehicles is an area that has long been preempted by the State. Vehicle and Traffic Law §§1600, 1604; People v. Grant, 306 N.Y. 258 (1954). Section 1604, which preempts the regulation of motor vehicle traffic on public highways, does not refer to the regulation of traffic on private property. Section 1600 does, however, prohibit local authorities from enacting, without specific authorization, ordinances or other local laws that are in conflict with any of the provisions of the Vehicle and Traffic Law.
Vehicle and Traffic Law § 1660-a provides limited authority for towns to regulate traffic on specific private property; however, it does not authorize the regulation of traffic within mobile home parks.
Section 1660-a provides, in pertinent part, as follows:
The town board of any town, with respect to the parking areas and driveways of a hospital, office building or office building complex or place of public assembly, or parking area of a shopping center or the parking areas and driveways of facilities owned or leased by a not-for-profit corporation or the parking area and private streets or roadways of a private apartment house complex, or the parking areas and driveways of a fire station, or private condominium complex, or the parking areas, private streets, roadways or driveways of an industrial park or industrial complex, and pursuant to the written request of either the owner or the person in general charge of the operation and control of such area . . . may, by local law or ordinance:
Order stop signs, flashing signals or yield signs erected at entrance or exit locations to any such area or designate any intersection in such area as a stop intersection or as a yield intersection and order like signs or signals at one or more entrances to such intersection.
It is clear from the list contained in Vehicle and Traffic Law §1660-a that the Legislature only intended to permit local regulation of traffic for limited and specific categories of private properties. Mobile home parks are not included in section 1660-a. Therefore, Vehicle and Traffic Law § 1660-a does not provide the Town of Lockport with the authority to erect stop signs within the Leisure Acres Mobile Home Park.
We conclude that the provisions of Vehicle and Traffic Law §1660-a do not extend to mobile home parks; therefore, the Town of Lockport may not erect stop signs within the Leisure Acres Mobile Home Park pursuant to its provisions.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE
Assistant Attorney General
[1] We note that Article 39 of the Vehicle and Traffic Law, which governs traffic regulation by cities and villages, permits the regulation of traffic, including the erection of stop signs, by cities and villages on "private roads open to public motor vehicle traffic." However, Article 41 of the Vehicle and Traffic Law, which governs traffic regulation by towns, does not authorize town regulation of traffic on "private roads open to public motor vehicle traffic," with one exception. That exception is contained in Vehicle and Traffic Law § 1662-a, which permits towns to regulate speed limits on private roads open to public motor vehicle traffic.